OPINION of the Court, by
Ch. J. Boyle
The:; question in this case is, whether an action of debt can be brought jointly against the administrators and heirs of a decedent, upon a judgment obtained against the administrators only ?
That this could not be done at common law is. too clear to admit of a doubt, nor are we aware of any statutory provision which can justify such an action,. The act subjecting lands to the payment of debts, authorises the same actions which will lie against executors or administrators, to be brought jointly against them and the heirs. But this provision evidently related to actions founded upon the original cause of action, and not to actions founded upon judgments against the administrator or executor in which the original cause of action is merged.
If a joint action could be maintained against the executor or administrator and the heir, upon a judgment against the former onlv, as the original cause of action is merged in the judgment which per se is the foundation of the second action, the heir would be precluded from all inquiry into the justice of the original grounds of action, and be thus concluded by a judgment in a. suit to which he was no party. This would be unjust in itself, and repugnant to the genius and spirit of our jurisprudence.
Judgment reversed, and cause remanded with directions to enter judgment for defendants ⅛ the court, below.